IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

XEROX STATE & LOCAL
SOLUTION, INC.,

      Appellant,

v.

DEPARTMENT OF REVENUE and
SYSTEMS & METHODS, INC.,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1712

Opinion filed March 18, 2016.

An appeal from a Final Order of the Department of Revenue.

W. Robert Vezina, III, Eduardo S. Lombard, and Megan S. Reynolds of Vezina, Lawrence & Piscitelli, P.A., Tallahassee, for Appellant.

Jeffrey J. Kelly, Assistant General Counsel and Joy A. Stubbs, Assistant General Counsel, Tallahassee, for Appellee Department of Revenue; Karen D. Walker and Mia L. McKown of Holland & Knight, LLP, Tallahassee, for Appellee Systems & Methods, Inc.

PER CURIAM.

      This is an appeal from a final order entered by the Department of Revenue

awarding a state contract to Systems & Methods, Inc. (SMI) and dismissing a bid

protest by Xerox State & Local Solution, Inc. (Xerox). Xerox raises a number of arguments, only one of which merits discussion. Xerox contends that the Department improperly awarded the contract to SMI because SMI's reply did not contain a "renewal price" as required by section 287.057(13), Florida Statutes. Because we conclude that Florida law imposes no such requirement in this circumstance, we affirm the final order.

The Department issued an invitation to negotiate (ITN) seeking a contractor to operate its State Disbursement Unit, a processing center that collects and disburses child support payments. Only Xerox and SMI responded to the ITN. After evaluation and negotiation, the Department posted its Notice of Intended Award to SMI. Xerox timely filed a bid protest and received a formal hearing. The administrative law judge recommended dismissal of the protest, the Department dismissed it, and this appeal follows.

Xerox contends that the Department should have rejected SMI's reply as unresponsive because it did not include a "renewal price" as required by section 287.057(13), Florida Statutes. We conclude that the plain language of the statutory provision in question imposes no requirement on vendors to include a renewal price in a response. Instead the language in question simply makes the inclusion of a renewal price a condition of contract renewal.

Section 287.057(13) provides as follows:

Contracts for commodities or contractual services may be renewed for a period that may not exceed 3 years or the term of the original contract, whichever is longer. Renewal of a contract for commodities or contractual services must be in writing and is subject to the same terms and conditions set forth in the initial contract and any written amendments signed by the parties. *If the commodity or contractual service is purchased as a result of the solicitation of bids, proposals, or replies, the price of the commodity or contractual service to be renewed must be specified in the bid, proposal, or reply, except that an agency may negotiate lower pricing.* A renewal contract may not include any compensation for costs associated with the renewal. Renewals are contingent upon satisfactory performance evaluations by the agency and subject to the availability of funds. Exceptional purchase contracts pursuant to paragraphs (3)(a) and (c) may not be renewed. With the exception of subsection (10), if a contract amendment results in a longer contract term or increased payments, a state agency may not renew or amend a contract for the outsourcing of a service or activity that has an original term value exceeding $10 million before submitting a written report concerning contract performance to the Governor, the President of the Senate, and the Speaker of the House of Representatives at least 90 days before execution of the renewal or amendment.

(Emphasis added.) Appellant interprets the italicized portion of this subsection to require vendors to include "the price of the commodity or contractual service to be renewed" in their responses to a procurement solicitation. To the contrary, section 287.057(13) merely describes the conditions necessary for the state to renew a contract. If a vendor does not include a renewal price in its response to a solicitation, then any resulting contract cannot be renewed. In other words, this provision creates a precondition to contract renewal, not a precondition to the contract itself.

This interpretation is consistent with other parts of section 287.057. Before 2010, section 287.057 clearly provided that in all three types of procurement, whether by invitation to bid, request for proposal, or invitation to negotiate, vendors were required to include a renewal price in their responses if renewal was contemplated by the procuring agency. But in 2010, the legislature removed renewal requirements from the invitation to negotiate process.[*] In doing so, the Legislature evinced its intent to dispense with the requirement that replies to an invitation to negotiate include a contract renewal price.

To summarize, section 287.057(13) does not require vendors to include renewal pricing in their responses to procurement solicitations. Rather, it describes the requirements that must be met before an agency may renew a contract. Accordingly, any failure on the part of SMI to provide a renewal price did not render its reply unresponsive under section 287.057(13).

We conclude that the Department did not violate the applicable law. We have carefully considered all of the other arguments in the briefs, and find no basis

---

[*] Sections 287.057(1)(a), (2)(a), and (3)(a), Florida Statutes (2009), described the three processes of procurement. Each section contained requirements regarding renewal pricing. Section 287.057(3)(a), which governed invitations to negotiate, provided in pertinent part: "If the agency contemplates renewal of the contract, that fact must be stated in the invitation to negotiate. The reply shall include the price for each year for which the contract may be renewed." In 2010, however, the legislature removed this language. Ch. 2010-151, § 19, at 1342-44, Laws of Fla.

for reversal.  Consequently, we affirm the final order by the Department awarding the contract to SMI.

AFFIRMED.

LEWIS, SWANSON, and WINOKUR, JJ., CONCUR.